862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maxine McCLUNG, Widow of Burlie McClung, Petitioner,
v.
IMPERIAL COAL & CONSTRUCTION COMPANY; West Virginia CWP
Fund; Director, Office of Workers Compensation
Programs, United States Department of
Labor, Respondents.
 No. 87-3172.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 19, 1988.
Decided: Nov. 23, 1988.
 
 (S.F. Raymond Smith, United Mine Workers of America, on brief), for petitioner.
 (William T. Brotherton, III, Spilman, Thomas, Battle & Klostermeyer, on brief), for respondents.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Maxine McClung ("claimant") petitions for review of the U.S. Department of Labor Benefits Review Board's ("BRB") decision and order affirming the Administrative Law Judge ("ALJ") and denying her claim for benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Sec. 901 et seq. Although on reasoning different than the ALJ and the BRB, we affirm.
 
 I.
 
 2
 This case originated when Burlie McClung, a coal truck driver, filed for black lung benefits on August 20, 1975, and on March 24, 1979. On both occasions, McClung asserted that he had been employed in the coal mining industry for at least 15 years. On July 10, 1980, the Department of Labor initially found McClung eligible for benefits. McClung died on November 21, 1983, and claimant, his wife, was initially determined eligible for survivor's benefits by the Department of Labor on February 14, 1984. Imperial Coal and Construction Co. ("Imperial") filed a timely controversion to that finding and a hearing was held before the ALJ in Beckley, West Virginia, on May 3, 1985.
 
 
 3
 Claimant was the only witness to testify at the hearing and her testimony centered on her husband's length of employment in the mines. She testified that McClung had worked in the mines for 15 years between 1948 and 1977. She recalled seven years of employment with Imperial and another short period of employment with another employer, William and Fred Legg. She could not recall any of her husband's other employers, or other times that he was employed. Claimant also presented an unsubstantiated work history, provided by the United Mine Workers, which indicated 13 years of mine employment by McClung. However, the work history ostensibly compiled by McClung, was unsigned.
 
 
 4
 To contradict claimant's testimony, Imperial presented a transcript from a prior West Virginia state hearing for black lung benefits held in 1978. There, McClung himself testified that he had worked for the Legg brothers in 1958 and 1959 and for Imperial (and its predecessor) from 1970 to 1976 and briefly in 1977. McClung testified that he had no other mine employment.
 
 
 5
 Claimant also presented medical evidence in support of her claim. There are five x-ray interpretations of record, four of which indicate no evidence of pneumoconiosis. The fifth x-ray was read by Dr. John Daniel, a Board-certified radiologist, to show type t abnormalities, 1/0 profusion and 4 zones with marked emphysema. This x-ray was reread by Dr. Benjamin Felson, a B-reader, who found it to be negative for pneumoconiosis. No autopsy was performed to ascertain McClung's cause of death, however, the death certificate listed cardiogenic shock, acute myocardial infarction, and pulmonary edema as the causes of death. Five medical opinions were submitted, only one, that of Dr. Daniel, made any finding of pneumoconiosis. However, this diagnosis was based on the x-ray which was later reread by Dr. Felson to show no pneumoconiosis. A ventilatory study and two blood gas studies did confirm that McClung had a chronic obstructive pulmonary disease. This condition was diagnosed as a result of McClung's pack-a-day smoking habit.
 
 
 6
 Finally, the ALJ's analysis of McClung's job did not support a finding of pneumoconiosis. McClung had worked as a truck driver at a surface mine, in an area primarily protected from coal dust.
 
 
 7
 Based on this evidence, the ALJ determined that claimant was not entitled to benefits. Initially, crediting McClung's 1978 testimony, he found that McClung had not been employed as a miner for ten years and thus, was not entitled to the statutory presumption of disability due to pneumoconiosis found in 20 C.F.R. Part 727.203. The ALJ also evaluated the medical evidence and concluded that claimant had failed to establish pneumoconiosis under 20 C.F.R. Part 410.
 
 
 8
 On appeal, the BRB affirmed the ALJ, in a decision dated October 22, 1987. The BRB addressed only the ALJ's determination that McClung had not been employed for ten years and found it to be supported by substantial evidence, rational, and in accordance with law. It did not review the ALJ's evaluation of the medical evidence. This petition of review followed.
 
 II.
 
 9
 Claimant contends that the ALJ erred in its determination that McClung had not been employed in the coal mine industry for ten years. She maintains that the ALJ improperly ignored her testimony and evidence while unfairly crediting the evidence of Imperial. She also asserts that the BRB erred in not reviewing her medical evidence. We address her claims together.
 
 
 10
 On a petition for review from the BRB, our scope of review is limited. We examine only for errors of law, including whether the BRB properly reviewed the ALJ's decision. Amigo Smokeless Coal Co. v. Director, Office of Worker's Compensation Programs, 642 F.2d 68, 69 (4th Cir.1981). It is clear from the record in this case that although the BRB's analysis was incomplete, its conclusion to affirm the ALJ was correct.
 
 
 11
 Most of the disputed evidence in this case has been presented on the issue of whether McClung had worked the necessary ten years in the mines to invoke the interim presumption found at 20 C.F.R. Sec. 727.203.[1] The ALJ carefully weighed the conflicting evidence on this point and determined that McClung had not been employed in the mines for ten years. We agree with the BRB that this decision was supported by substantial evidence and in accordance with law. However, we agree with appellant that the BRB should have gone on to review her medical evidence because the lack of ten years of service is not dispositive of this case, as the BRB assumed.
 
 
 12
 In Broyles v. Director, Office of Wkrs., Comp. Prg., 824 F.2d 327, 329 (4th Cir.1987), this Court held that for claims filed prior to the promulgation of the permanent regulations found at 20 C.F.R. Part 718, the interim presumption of 20 C.F.R. Sec. 727.203 does not apply. Rather, the more liberal presumption found at 20 C.F.R. Sec. 410.490 applies.[2] Thus, in normal circumstances, the BRB should have remanded this matter to the ALJ for analysis under 20 C.F.R. Sec. 410.490. However, because this case is meritless, in the interest of judicial economy it would have been appropriate for the BRB, and it is appropriate for this Court, to make the Sec. 410.490 analysis in the first instance.
 
 
 13
 To be eligible for benefits under the Act, a claimant must show that the miner was totally disabled by pneumoconiosis which resulted from his employment. Under Sec. 410.490, a miner is presumed to be totally disabled due to pneumoconiosis (or his death a result of pneumoconiosis) if he can show that his disability arose from coal mine employment and if he meets one of the following medical requirements:
 
 
 14
 (i) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see Sec. 410.428); or
 
 
 15
 (ii) In the case of a miner employed for at least 15 years in underground or comparable coal mine employment, ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412. (a)(2)).
 
 
 16
 20 C.F.R. Sec. 410.490(b)(2). Finally, a claimant's disability will be presumed to have arisen from his coal mine employment if he has worked for ten years in the mines. 20 C.F.R. Sec. 410.490(b)(3). The evidence in this case clearly shows that claimant cannot meet her burden of proof to gain the advantage of this presumption.
 
 
 17
 Claimant failed to offer any substantial medical evidence showing pneumoconiosis. Although one submitted x-ray was read to show some signs of pneumoconiosis, the x-ray was reread by a B-reader who found it to be negative. Four other x-rays also were negative. There is no biopsy or autopsy which establishes pneumoconiosis. Likewise, although there were two blood gas studies and one ventilatory study showing an obstructive pulmonary disease, this was diagnosed as the result of McClung's chronic smoking habit. Regardless, under 20 C.F.R. Sec. 410.490(b)(1)(ii), these studies only qualify as proof of pneumoconiosis if the miner has been in the mines for fifteen years, which is not the case here.
 
 
 18
 Finally, claimant made no conclusive showing that McClung's disability arose from his coal mine employment either through presumption or direct evidence. The ALJ determined from the conflicting evidence that McClung had not worked in the mines for ten years. This conclusion is clearly supported by substantial evidence and precludes claimant from the ten-year presumption found in 20 C.F.R. Sec. 410.490(b)(3).
 
 
 19
 Therefore, because claimant has failed to prove that her husband had pneumoconiosis or that any disability he might have had arose from his coal mine employment, she is not entitled to benefits. Thus, although on different reasoning, we affirm the BRB's denial of benefits.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 This regulation provides that if a miner has been engaged in coal mine employment for at least ten years and he can meet at least one of the four medical requirements, he will be presumed to be totally disabled due to pneumoconiosis (or his death presumed to be due to pneumoconiosis) which arose out of his coal mine employment
 
 
 [2]
 We recognize that our decision in Broyles is potentially in conflict with Mullins Coal Co., Inc. v. Director of Wkrs. Comp. Prg., 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987) (No. 86-327) where both this Court and the Supreme Court assumed that 20 C.F.R. Sec. 727.203 did apply to similarly filed claims. We decline to resolve this question here because it is not necessary to the resolution of this claim. It is clear that under either presumption, claimant is not entitled to benefits. Further, the Supreme Court has granted certiorari in Broyles, 108 S.Ct. 1288 (April 4, 1988)